1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| ANDREA A.,[1] | Case No. 2:19-cv-09908-JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| | [DOCKET NOS. 21, 22] |
| ANDREW SAUL, Commissioner of Social Security Administration, | |
| Defendant. | |

17
18

**I.    SUMMARY**

19
20
21
22

On November 19, 2019, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of her application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

23
24
25

This matter is before the Court on the parties' cross motions for summary judgment, respectively "Plaintiff's Motion" and "Defendant's Motion" (collectively, "Motions").  The Court has taken the Motions under submission

26
27
28

---

[1]Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1  without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; Case Management

2  Order ¶ 5.

3     Based on the record as a whole and the applicable law, the decision of the

4  Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

5  ("ALJ") are supported by substantial evidence and are free from material error.

6  **II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

7  **DECISION**

8     On September 30, 2016, plaintiff filed an application for Disability

9  Insurance Benefits, alleging disability beginning on March 25, 2016, due to

10  depression, anxiety, post-traumatic stress disorder ("PTSD"), and degenerative

11  disc disease.  (Administrative Record ("AR") 210, 217, 242).  An ALJ

12  subsequently examined the medical record and heard testimony from plaintiff

13  (who was represented by counsel) and a vocational expert on August 29, 2018.

14  (AR 55-82).  On November 19, 2018, the ALJ determined that plaintiff has not

15  been disabled since the alleged onset date of March 25, 2016.  (AR 34-49).

16  Specifically, the ALJ found:  (1) plaintiff suffers from the following severe

17  impairments:  stenosis of the lumbar spine, depression, PTSD, stenosis of the

18  cervical spine, myalgia, and obesity (AR 40); (2) plaintiff's impairments,

19  considered individually or in combination, do not meet or medically equal a listed

20  impairment (AR 42); (3) plaintiff retained the residual functional capacity

21  ("RFC") to perform a reduced range of light work (20 C.F.R. § 404.1567(b))[2] (AR

22  20-21); (4) plaintiff cannot perform any past relevant work (AR 48); (5) there are

23  jobs that exist in significant numbers in the national economy that plaintiff can

24  _____

25     [2]The ALJ determined that plaintiff (1) can lift, carry, push, and pull 20 pounds
   occasionally, and 10 pounds frequently; (2) can sit, stand, and walk up to 6 hours each out of an
26  8-hour workday; (3) can frequently climb ramps and stairs; (4) can occasionally climb ladders,
   ropes, and scaffolds; (5) can occasionally balance, stoop, kneel, crouch, and crawl; (6) can
27  perform simple, routine tasks; (7) can occasionally and incidentally interact with the general
   public; and (7) is able to adapt to routine changes in simple work.  (AR 43).
28

2

perform, specifically cleaner, bagger, and marking clerk (AR 48-49); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 47).

On September 26, 2019, the Appeals Council denied plaintiff's application for review of the ALJ's decision.  (AR 1-4).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy."  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations.  See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four – i.e., determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4).

3

1  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The

2  Commissioner has the burden of proof at step five – *i.e.*, establishing that the

3  claimant could perform other work in the national economy.  Id.

## B.      Federal Court Review of Social Security Disability Decisions

5          A federal court may set aside a denial of benefits only when the

6  Commissioner's "final decision" was "based on legal error or not supported by

7  substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871

8  F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The

9  standard of review in disability cases is "highly deferential."  Rounds v. Comm'r

10 of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation

11 marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could

12 reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at

13 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must

14 be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec.

15 Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if

16 (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path

17 may reasonably be discerned despite the error) (citation and quotation marks

18 omitted).

19         Substantial evidence is "such relevant evidence as a reasonable mind might

20 accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining

21 "substantial evidence" as "more than a mere scintilla, but less than a

22 preponderance") (citation and quotation marks omitted).  When determining

23 whether substantial evidence supports an ALJ's finding, a court "must consider the

24 entire record as a whole, weighing both the evidence that supports and the

25 evidence that detracts from the Commissioner's conclusion[.]"  Garrison v.

26 Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

27         Federal courts review only the reasoning the ALJ provided, and may not

28 affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."

4

1  <u>Trevizo</u>, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need
2  not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's
3  reasoning "in a way that allows for meaningful review."  <u>Brown-Hunter v. Colvin</u>,
4  806 F.3d 487, 492 (9th Cir. 2015) (citing <u>Treichler</u>, 775 F.3d at 1099).

5       A reviewing court may not conclude that an error was harmless based on
6  independent findings gleaned from the administrative record.  <u>Brown-Hunter</u>, 806
7  F.3d at 492 (citations omitted).  When a reviewing court cannot confidently
8  conclude that an error was harmless, a remand for additional investigation or
9  explanation is generally appropriate.  <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173
10  (9th Cir. 2015) (citations omitted).

11  **IV.  DISCUSSION**

12       Plaintiff's sole contention is that the ALJ erred by improperly rejecting,
13  without explanation, part of the medical opinion of Dr. Amber Ruddock, Ph.D.
14  (Plaintiff's Motion at 5-9; AR 703-06).  For the reasons stated below, the Court
15  concludes that a reversal or remand is not warranted.

16       Dr. Ruddock performed a consultative psychological examination on
17  May 25, 2017, and opined that plaintiff has a moderately limited ability to respond
18  to changes in a normal workplace setting, to maintain persistence and pace in a
19  normal workplace setting, and to interact appropriately with supervisors,
20  coworkers, and peers.   (AR 703-06).  In the decision, the ALJ expressly gave Dr.
21  Ruddock's opinion "great weight," along with the opinion of state agency
22  psychological consultant Dr. I. Mallare, M.D.  (AR 47).  The ALJ found that these
23  opinions were "consistent with simple, routine tasks, occasional and incidental
24  interaction with the general public, and the ability to adapt to routine changes in
25  simple work."  (AR 47).  The ALJ thus included these mental limitations in the
26  RFC assessment, finding that plaintiff "can perform simple, routine tasks; can
27  occasionally and incidentally interact with the general public; and [is] able to
28  adapt to routine changes in simple work."  (AR 43).

5

1    However, these RFC limitations fail to account for Dr. Ruddick's opinion
2    that plaintiff has a moderate limitation in interacting with supervisors, coworkers,
3    and peers.  (See AR 43, 706).  Plaintiff contends that this was error because the
4    ALJ effectively rejected this portion of Dr. Ruddock's opinion without providing
5    specific and legitimate reasons for doing so.  (Plaintiff's Motion at 5-8).  The
6    Court agrees.  See also, e.g. Burley v. Berryhill, 2017 WL 3172983, at *4 (E.D.
7    Cal. July 26, 2017) (ALJ erred in crediting examining medical source's opinion,
8    which included a moderate limitation on the ability to interact with supervisors,
9    but omitting the limitation in the RFC without explanation); Dennis v. Colvin,
10   2015 WL 3867506, at *8 (D. Or. June 20, 2015) (same); Gentry v. Colvin, 2013
11   WL 6185170, *14-*16 (E.D. Cal. Nov. 26, 2013) (same).

12   The error is harmless, however.  As defendant contends, the occupations
13   identified by the vocational expert and relied upon by the ALJ at step five do not
14   appear to require anything more than superficial or incidental contact with
15   supervisors, coworkers, and peers.  (See Defendant's Motion at 6).  Specifically, at
16   step five, the ALJ concluded that plaintiff was not disabled because he could
17   perform the jobs of (1) cleaner, Dictionary of Occupational Titles ("DOT")
18   323.687-014; (2) bagger, DOT 920.687-018; and (3) marking clerk, DOT
19   209.587-034.  (AR 49, 79-80).  The DOT descriptions for each of these jobs
20   indicate that dealing with people is "not significant."  See DOT 323.687-014, 1991
21   WL 672783 (indicating that job involves taking instructions or helping people, but
22   "not significant[ly]"); DOT 920.687-018, 1991 WL 687965 (same); DOT
23   209.587-034, 1991 WL 671802 (same).  Consistent with this, the fifth digit of the
24   DOT occupational code for all three jobs is "8," meaning that these jobs involve
25   the lowest level of complexity in relating to people.  See DOT, Parts of the
26   Occupational Definition, 1991 WL 645965 (explaining that the fifth digit of each
27   occupational code reflects the level of interaction with people necessary for that
28   particular job, with "8" referring to "taking instructions - helping" and signifying

the lowest level of complexity).  Moreover, the vocational expert testified that all three jobs were unskilled, which indicates limited interaction with people.  (AR 80); see SSR 85-15, 1985 WL 56857, at *4 (explaining that unskilled jobs "ordinarily involve dealing primarily with objects, rather than with data or people").

Accordingly, the ALJ's failure expressly to account for a moderate limitation in interacting with supervisors, coworkers, and peers was harmless because it was inconsequential to the ultimate disability determination.  See Treichler, 775 F.3d at 1099 (ALJ error harmless if inconsequential to the ultimate nondisability determination); see also Kim D. W. v. Saul, 2020 WL 868605, at *4 (C.D. Cal. Feb. 20, 2020) (ALJ's failure to include more specific limitation on contact with coworkers and supervisors was harmless because jobs identified by vocational expert indicated low level of interaction with others, based on DOT descriptions); Kathleen C. v. Berryhill, 2019 WL 1002497, at *3 (C.D. Cal. Mar. 1, 2019) (same); Hann v. Colvin, 2014 WL 1382063, at *23 (N.D. Cal. Mar. 28, 2014) (same).

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   October 8, 2020

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE